IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

David F. Kelly Bey
          Plaintiff                          Civil No. _____

          Vs.                                Court Supplied

William Bechtold, WARDEN;
Michelle Weller, Deputy WARDEN;              Jury Trial Demanded
Justin H. Lensbower, Chief Health
CARE Administrator; Dr. Kneal For
Prime cure medical ine D.O.S. Each
Sued in their Individual and offical
Capacity while Acting under the color
of State law etc., AL
          Defendant(s)              /


I
Jurisdiction
&
Venue

FILED
SCRANTON

JUL 2 0 2020

Per_____
DEPUTY CLERK

/.

1. This is a Civil Action Authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of Rights Secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. § 1331 and 1343 (a).

2. The Plaintiff herein seeks declaratory Judgement Relief and inJunctive Relief Pursuant to 28 U.S.C. § 2201 and 2202

3. The Plaintiff Claims for inJunctive Relief are Authorized by 28 U.S.C. § 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure

4. The MiDDle District of Pennsylvania is an Appropriate Venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to these Claims occurred.

II

Parties

5. Plaintiff David F. Kelly Bey, is and Currently Resides at 1804 Opportunity Avenue Chambersburg, PA 17201 at all times mentioned herein as a inmate Prisoner of this Commonwealth of Pennsylvania in the Custody of the Franklin

2

County Jail to which the Plaintiff is Currently Confined at.

6. Defendant William Bechtold is Warden at the Franklin County Jail located at 1804 opportunity Avenue Chambersburg, PA 17201

7. Defendant Michelle Weller is Deputy Warden at the Franklin County Jail located 1804 opportunity Avenue Chambersburg PA 17201

8. Defendant Justin M. Lenshower, is Chief Health Care Administrator located at 1804 opportunity Avenue Chambersburg, PA 17201

9. Dr. Kneal is the D.D.S. For Prime Care Medical INC located at 3940 Locust lane Harrisburg PA 17104

3

10. Each Defendant is sued in his or her individual and official Capacity at all times Relevant and mentioned herein this Complaint, Each defendant have Acted, and Continues to Act, under the Color of State law.

III

Facts

11. On or About 3/26/19 through the Present herein the Plaintiff has sent Defendant Weller numerous Religious Accommodation Requests and grievances Concerning his Religious Dietary laws Requirements and Accommodations to which Defendant Weller herein Continues to Deny and Deprive the Plaintiff while Acting under Color of law.

12. Plaintiff herein submitted both grievances and Religious Accommodation on or about 3/26/19 through the Present to Defendant Weller Requesting to be Provided A Halo Meat diet that Conforms to Religious dietary needs that Satisfies and Sustained him in good Health without violating his Religious dietary laws and Complies with his Sincerely held religious belief that he may not Consume non-Pork meat that is not Certified halal or otherwise said to be

ritually Slaughtered and prepared in accordance with the tenets of Islam is Adequately Accommodated where All denied by Defendant Weller.

13. Plaintiff herein again submitted both grievances and Religious Accommodation Requests on or about 3/26/19 through the Present to Defendant Weller Requesting to be Provided Hala meats or Kosker meats that Conforms to his Religious dietary needs in satisfying and sustaining him in good Health that does not violates his Islamic dietary laws and Religious needs As an Orthodox Sunni muslim whom Reverted to the Practices of Sunni Islam Religious teachings under the Sunna. However said teachings of the Sunna and Holy Quran ~~requires~~ requires that No Sunni Orthodox Muslim Subscribe or partake to Vegatariam or non-Pork meats Consume unless it's Hala meats or Kosker meats. Thus, any such violation herein is a violation of my Islamic dietary laws Requirement and the laws of Shari. Furthermore, the Plaintiff's Religious mandated Dietary Requirements Per Quranic as ordained by Sunna (Practice) of Prophet Muhammad (Peace and blessing be upon him)

5

Whom was not a Vegetartian and forbid Muslims from engaging into Vegetartianism. In fact, the Plaintiff points out herein that, Prophet Muhammad (Peace be upon him) Clearly states in the Quran "he who does not eat meats is not of my Religion", Citing the Holy Quran".

14. Plaintiff herein is an orthodox Sunni Muslim and is A Wahabi Muslim who subscribe and Practice Vegetarianism based on Wahabi muslims who interprets the Quran to require a vegetarian clict. However, the clearly states that he does not follow the Wahabi sect because nineteen of it's members Attacked the United States on September 11, 2001 and their Actions were not of true followers of Islam nor the Sunna.

13. Plaintiff herein Sincerely Religious beliefs requires that he Strictly Adherence to the mandate of the Quran and the Sunna Practice of Prophet Muhammad (Peace be upon him) that Clearly Prohibits him from ~~the~~ the Practice of

vegetarianism to which violates his Religious dietary laws As A Sunni orthodox muslim.' A Review of the Scriptures of the Holy Quran states Clearly in Pertienting Parts of the Quran's Scriptures states " So eat meats on which Allah's name has been Pronounced" and " HE who does not EAT meat is not of My Religion" THE Quran further states " And Cattle HE Created for you (men) from them ye derive warmth and numerous benefits, and of their (meat) yet EAT" THE Quran Provides and Forbidden him to EAT the meat of that which has been ~~slaughter~~ Slaughtered as a sacrifice for others than Allah, or has been Slaughtered for Idols etc, or on which Allah's name has not been mentioned While Slaughtering ... " Another Provision States: " EAT Not (O believers) of that (meat) on which Allah's Name has not been Pronounced (at the time of Slaughtering of the animal) for sure it is "Fisq' (a sin and disobedience of Allah)"

16. Plaintiff states that Defendant Weller clearly stated in a previous lawsuit by the Plaintiff herein in Kelly Bey v. Keen, 2014 U.S. Dist. lexis 97649 that she has spent considerable time familiarizing herself with the practice of variety of Religions in order to properly provide for Religious needs of inmates at FCJ. She has also specifically familiarized herself with Islamic religious practices. Defendant Weller is well aware that Providing even a vegetarian diet to a muslim inmate may be insufficient to satisfy the requirement to Provide for a Religious dietary Accommodation. The fact, that Defendant Weller knows and is aware that Plaintiff religious requires him to Abstain from eating meat slaughtered without having the name of God Allah Pronounced upon it and requiring the Plaintiff to Request a vegetarian diet that violates his dietary laws in itself is (a sin and also desobedience of Allah) is 'Fisq'. Therefore, the Defendant Weller Action in failing to Provide the Plaintiff with Hala meat or Kosher meat, rather than Require that Plaintiff requests vegetarian or Pork-free diet that she knows violates his Religious

dietary laws and substantially burdens the Plaintiff
Religious exercise.

17. Plaintiff states that Defendant Weller has
discriminated against him and other muslims housed
in the FCJ. The Defendant Weller has provide
a Jewish Kosher diet and Kosher meat to orthodox
Jewish Prisoners for years. There is no evidence
as to the Defendant Weller claims that Providing
Jewish inmates with a Jewish Kosher diet or
Kosher meat was an enormous expense that Placed
A substantial Strain on Prison Resources, impacting
the Ability of the FCJ Staff to provide other
Services to ▬ inmates. Nor did the Jail
Reduce it's number of staff as well As Rehabilitative
and Educational Services Provided to inmates or it's
institutional security order when providing Jewish
inmates in FCJ with Jewish Kosher diet and meats
from 4-11-2011 to the Present to which said Jewish
Kosher diet and meat are still provide to orthodox
Jewish inmates housed herein the Franklin County
Jail in violation of the Equal Protection Clause.

A Review a FCJ budget From 4-11-11 to Present will Show that Jewish inmates haised on the Franklin County Jail are still Provided with Jewish Kosher diet and Meat while muslim inmates are not Provide Hala diet, HALA Meat, nor Kosher diet or Kosher meats for A Muslim Population of 15 Sunni orthodox muslims inmates.

18. Plaintiff Seek HALA diet and meat to Comply with sincere Religious beliefs and Dietary laws the Defendant Can't say that his Request for HALA Diet, HALA Meat or Kosher diet and Kosher meat would Cause institutional disruption to the Security nor effect the budget of the FCJ As the Defendant has falsely Claimed without Proper investigation or taking proper Actions necessary to Verify said cost in Providing dietary meal to him without requiring the Plaintiff to Violate his Religious dietary law to which knows he is inviolation if he do so as Recommanded by Defendant Weller whom Claims to be very Familiar with the Sunna Practices and Quran

10

for which Plaintiff is a Practicing Sunni orthodox Muslim that Reverted to Sunni Islam in 2010 In Addition, the Plaintiff States that Defendant Weller Actions to Provide Jewish inmates with Special diet or Jewish Kosher diet and not Provide the Plaintiff who is an orthodox Sunni Muslim with HALA Meat diet or HALA diet is a violation of Equal Protection Clause. Plaintiff asserts that his demand for a highly Structured diet are quite Similiar to the religious needs of an orthodox Jew. yet Such a diet was Provided and still is Provided to orthodox Jewish inmates at FCJ. Thus, Such religious discrimination by Defendant Weller is an unreasonable Practice by Such defendant and is directly Contrary to the Equal Protection of law in that no reasonable inference of Religious descrimination Can Justify Defendant Action for discriminary treatment on some Constitutionally Protected Interest, Such As Religion.

19. Plaintiff States that Defendant Weller violated his Rights under free exercise and RLUIPA by forcing him

H

to maintain a non-Halal diet while depriving him
of Religiously Acceptable meats and denying his
appeals to provide him Halal foods.

20. Plaintiff states that both Defendants Weller and
Bechtold both acted to prevent Plaintiff from Receiving
Halal foods or Kosher foods as an Alternative through
his Application for Religious Accommodation for A Halal
OR Kosher Special Religious diet.

21. Plaintiff states that Defendants Weller and Bechtold
deny his Request to adhere to Plaintiff's Mandated
Islamic Dietary law requirement by Providing Halal
Food to him and the FCI Muslim Community and Requested
to be provide Kosher food until Defendants could Provide
Halal Food to him and the FCI Muslim Community as
is provided to the FCI Jewish inmates Community.
However Defendant Weller and Defendant Bechtold are both
Aware that the Present "No Meat Substitute is A Vegetarian
diet and is a violation of the Shari (Islamic Law)
for him or any Muslim at the FCI to partake in and
that Muslim are Prohibited from being Vegetarians, that

12

Muslims "EAT MEAT" and to force Muslims to become
Vegetarians by Providing a "No meat substitute" While
providing "Mandated Kosher dietary food" to the FCJ
Jewish Community inmates faith and Denying Religious
Mandated Quranic Dietary food to him and the FCJ Muslim
Inmate Community at FJC is a deliberate Act of
Religious discrimination against him and Every muslim
inmate at FCJ in violation of Equal Protection of law
and the Religious land use Institutional Person Act of 2000
Also the united States Constitution.

22. Defendant Weller and Defendant Bechtold both upheld
the deliberate deprivation of Providing the Plaintiff and
inmate muslim Community at FCJ of their Religious
Mandated Dietary Requirement as the Jewish Community
at FcJ has been and still is being Provided in direct
Violation of the Equal Protection and the Religious land
use institutional Person Act of 2000 and of the United
States Constitution.

23. Plaintiff States Defendant Bechtold extended Power to
Defendant Weller to Act on his behalf as the Warden and

Since Defendant Weller is Deputy Warden of treatment Services at FCJ her arbitrarily and deliberate Acts to deny to Plaintiff and inmate muslim Community their Religious mandated Dietary law requirement and insisted that he and the muslim community Continue to violate the Quran and eat none Hala meat or a no meat Vegetarian dietary substitute instead of Providing a Hala Dietary Plan to him and the muslim Community at FCJ. Yet, Defendants Weller and Bechtold Continues to Provide Jewish inmate Community at FCJ with a mandated Jewish Kosher Dietary in violation of the Equal Protection, Religious land Use institutional Person Act of 2000 and the United States Constitution

24. Defendant Weller and Defendant Bechtold are both aware of the mandated Religious Dietary law requirement Injunction in Mayweathers V. Terhune CIV S-96-1582 Which requires a Plan to Provide mandated Dietary requirements must be Provide three distinct dietary meals which must Consist of (1) Vegetarian; (2) Kosher and (3) Hala. Therefore, based upon the Quranic injunction mandating muslims to EAT HALA or Kosher Food

14

which explained in Mayweathers v. Terhune CIV S-96-1582 why the Vegetarian Meals would be a violation of the Qur'an and the Sunna (Practice) of Prophet Muhammad. However Defendant Weller and Defendant Bechtold both Refused to Adhere to the Plaintiff's Kosker/Hala meal Requests due to the errousous descrimination by both defendants orders in violation of the Religious land use Inlstitutional Person Act of 2000 Submitted by former President Bill Clinton and Passed by Congress which states in Paragraph two in Pertaining Parts: NONDiscrimination - No government Shall impose or implement a land use Regulation that discriminate against any Assembly or institution on the basis of Religion or religious discrimination

25. Plaintiff herein and the FCJ muslim Community inmates has Religiously discriminated against and that the Actions of the defendant's each herein are not in furtherance of a Compelling government interest, nor was their Actions the lest Restrictive means of furtherance a Compelling governmental interest. on the Contrary. The Actions of each of the defendant's were deliberate

15

With the exception of the Purchase of Pre-packaged Kosher meals for Orthodox Jewish inmates, the dietary needs of the inmates of every religious sect Represented within the facility are provided for under the General Plan or the Vegetarian/Vegan Plan. The determination to Purchase Pre-packaged Kosher meals was the most Cost effective means to Provide for the dietary needs of Jewish inmates, given the Prohibitive Cost of Creating and maintaining a Kosher Kitchen inside the FCJ. However, the Defendants Contends that FCJ offers A Kosher meal Plan for Jewish inmates who observe Kashrul law are placed on the Kosher meal Plan, which Consist of Pre-packaged entrees prepared outside the FCJ that are delivered to the institution in double layered and sealed packaging. The meals Comes with disposable utensils, and they Accord with the extremely Complex Preparatory requirements of Jewish law. The Content of the kosher meals is dictated by the Provider. Each Kosher meal Cost $5.00. Addition, the Plaintiff States that Defendants Refusal to Provide him a diet with Hala meat forces him and other Muslims to become Vegeterians or Consume non-Hola meat.

16

both of which violate his and other muslims
sincerely held religious beliefs that he, As
Muslim, must Consume a diet that includes
Hala meat.

26. Defendant are aware that A Plaintiff and
other muslims in the FCJ must Consume
Hala meat and may not be vegetarians
without a declaration from a Religious expert.

27. Plaintiff States that his muslim faith
requires him to Consume Hala meat and
forbids Vegetarianism. Thus, the Holy Quran
plainly Commands him and other Muslims to "EAT
what is on Earth, lawful and good — including
meat" Therefore, Defendant(s) Actions in
Providing Jewish inmates Kosker meals
While denying muslim inmates Religious meals
that includes Hala meat violates the 1st
Amendment Establishment Clause, Religious
land use institutional Person Act of 2000 and
Equal Protection Clause Accordingly.

28 Plaintiff states that Defendant Weller and Defendant Bechtold both Refused to give him a HALA meat or A Kosher meat and told him that All Muslims in the FCJ must eat "Whatever is Served or become Vegetarians. However the Plaintiff herein Asserts that Jewish inmates housed in the FCJ were not forced to become Vegetarians to comply with their Mandated Dietary laws.

29. On or about 2/22/20 to the Present herein the Plaintiff has submitted both Religious Accommodation Requests and grievances to both Defendant Weller and Defendant Bechtold to be provided A diet that is sufficient and sustained him in good health without Violating his Religious dietary laws. Thus, Defendant Weller stated in her Reply to the Plaintiff Requests and grievances that the Plaintiff should Request A Vegetarian diet if the Current menu does not satisfies his religious dietary needs.

19

30. On or about 2-18-19 through the Present the Plaintiff submitted Request slip, dental sick Call Slip and grievance Concerning his need Serious dental care needs for upper dentures that denied by Defendant Lenshower.

31. Plaintiff was send in medical on or about November 2019 by Defendant Kneal in Regards to his dental Sick call Concerning Plaintiff serious needs for upper denture due the Plaintiff bottom teeth cutting into the Plaintiff upper Gums cause serve pain, Swelling, bleeding, Serve Headaches, difficult sleeping and chewing his food. Defendant Kneal told the Plaintiff that he does not Provide inmates in the FCJ which denture and if he want denture to have his family bring in his Dentures if he have any or he was not give any Period. Defendant Kneal became Argumentative with the Plaintiff and that the Defendant Kneal demanded that Plaintiff leave the dental area of the medical Department of the FCJ because he was done and had nothing further to say to the

Plaintiff since his Actions Saves the Jail unnecessary money in providing Dentures to inmates in the FCJ Plus it the policy of FCJ and Prime care medical to provide the less means to inmates in need of dentures that is costly. Defendant Kneal Refuse to send that Plaintiff to an outside dental facility that could provide the Plaintiff with upper denture that he claims is costly to FcJ and Prime care medical Thus, such Actions by Defendant Kneal and Defendant Lensbower both constitutes denial of Adequate dental Care with deliberate indifference to my serious medical needs for upper ~~████~~ Dentures in violation of my 8th and 14th Amendment Rights. Furthermore, Defendant Lensbower has intentional instructed medical and Dental at the FcJ to Avoid send me out to any dental special for dentures and only provide the Plaintiff with only Oral Gel Pain Relief medications instead of Provide the Plaintiff upper dentures or sending to outside Dental Special to fixed him for upper dentures Regards of Plaintiff serious medical needs for upper dentures While incarcerated at Franklin county Jail.

Z 1

## IV

## Exhaustion of Administrative Remedies

32. The Plaintiff has Exhausted all of his Available Administrative Remedies with Respect to All Claims and all Defendants.

## V

## Legal Claim

33. Plaintiff's Re alleges and incorporate by Reference Paragraphs 1 - 31

34. The Actions of the Defendant Bechtold and Defendant Weller in failing to Provide him Halal Meat or Kosher Meat As required by the Plaintiff sincerely held ▮▮▮▮ Religious belief violates his religious Practices under 1st Amendment Establishment Clause, Religious land use Institutionlization Persons Act of 2000 and Equal Protection Clause.

35. The Actions of the Defendant Bechtold and Defendant Weller failing to Provide him with A diet Sufficient to Sustained him in good health without

Violating his Religious dietary law under the 1st Amendment Establishment Clause, Religious land use Institutionalization Persons Act of 2000 and Equal Protection Clause

36. The Actions of the Defendant Bechtold and Defendant Weller forcing the plaintiff to become a vegetarian or EAT meat that is haraam or non-meat meals while Providing Jewish inmate with Kosher meals Violates the 1st Amendment Establishment Clause, Religious land use institutionalization Persons Act of 2000 and Equal Protection

37. The Actions of Defendant Leakshower and Defendant Kneal to deny the serious medical and dental care needs for upper ▆▆ Dentures with deliberate indifference in violation of 8th and 14th Amendments

38. The Plaintiff herein has no Plain, Adequate or Complete Remedy at law to Redress the wrong described herein.

39. Plaintiff has been and continue to be irrepevably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive Relief which the Plaintiff herein seeks for A Prayer Relief

## VI

### Relief Sought

Wherefore, Plaintiff Requests that this Court grant the following Relief:

A. Provide Kosher meals to Plaintiff until FCJ is able to Provide Hala meats, immediately and without fail;

B. Declaratory Relief, in that the FCJ violated RLUIPA 2000 by depriving Plaintiff of Hala meats or Kosher meals that conforms to his mandatory dietary or Religious dietary laws;

C. Declaratory Relief in that Defendant Bechtold and Defendant Weller Violated the Equal Protection Clause of the U.S. Constitution in intentionally denying Plaintiff Hala meats or the Alternative of Kosher Meals while Providing Said Kosher meal to Jewish inmates at FCJ without forcing them to become Vegetarians in violation of their Religious dietary laws;

24

D. Declaratory Relief that Defendant Leashower and Defendant Kneal violated Plaintiff's Eighth and fourteeth Amendment Rights to Adequate medical/ Dental Care for upper dentures

E. Issue an Injunction Requiring the Defendants Bechold and Weller to provide Plaintiff Kosher meals or Halal meats that Conforms to his Religious dietary laws

F. Issue an Injunction ordering Defendant Leashower, and Defendant Kneal to provide Plaintiff with upper dentures to his Serious dental Care needs

G. immediately arrange for Plaintiff to be seen by an outside dental specialist to be fixed for upper denturres

H. Award Cost of this lawsuit;

I. Award $ 10,000 Punitive Damages against Each defendants Bechtold, Weller, Leashower and Kneal;

25

J, Award $50,000 Compensatory Damages for the Willful deprivation of RLUIPA 2000 and 14th Amendment. Jointly and Severally against Defendant Weller and Bechtold'

K. Award $20,000 Compensatory Damages Jointly and Severally against Defendants Lensbower and Kneal for the physical and Emotional INJury Resulting from the failure to Provide adequate dental care to the Plaintiff for upper dentures

L. Grant such other Relief as it may appear that Plaintiff is entitled.

M. Plaintiff Seeks Attorney fees Pursuant to 42 U.S.C. § 1988 (b)

N. Plaintiff Seeks an order Appointing Counsel Pursuant to Hudson v. Tyler, 568 F.Supp2d 125 (2008); Abdul-Aziz v. Lanigan, 2020 U.S. Dist Lexis 106718; Stathum v. Nadrowski, 2019 U.S. Dist Lexis 127797;

26

⬤. Grant any other Additional Relief this Court deems Just, fair, Proper and Equitable.

Date 7-13- 2020

Respectfully submitted
/s/ David F. Kelly Bey
Pro'se Plaintiff
1804 Opportunity Avenue
Chambersburg, PA 17201

Declaration of Perjury

I, David F. Kelly Bey, do hereby Affirm and Declare that the facts Alleged in the Aforemention are true and Correct to the best of my Personal Knowledge and belief under the Penalty of Perjury Pursuant to 28 U.S.C. § 1746

Date 7-13- 2020
/s/ David F. Kelly Bey
Pro'se Plaintiff

David F. Kelly Bey
1804 Opportunity Avenue
Chambersburg, PA 17201



RECEIVED
SCRANTON

JUL 2 0 2020

PER _____ DEPUTY CLERK

Uni
Midd
235
P.o
Scra